UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 18-CR-20719-8
        Honorable Thomas L. Ludington

EDWARD BRYANT, JR.,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

On August 1, 2019, Defendant Edward Bryant, Jr. pled guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 224. He was sentenced to 92 months imprisonment. ECF No. 314 at PageID.1233. Defendant is currently housed at United States Penitentiary, Hazelton ("USP Hazelton") in West Virginia.

On June 24, 2020, Defendant filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 389. Defendant's motion was denied without prejudice for failure to exhaust administrative remedies. ECF No. 395. Defendant refiled the motion on August 3, 2020 and included evidence of exhaustion. ECF No. 402. Timely response and reply briefs have been filed. ECF Nos. 406, 411. For the reasons stated below, Defendant's motion will be denied with prejudice.

**I.**

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). The statute provides three inquiries that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant fully exhausted his administrative remedies with the Bureau of Prisons (the "BOP"). Second, whether a sentence reduction is warranted in consideration of the factors set forth in 18 U.S.C. § 3553. Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each inquiry will be addressed in turn.

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the BOP or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). Defendant requested compassionate release on account of the COVID-19 pandemic from Warden P. Adams. ECF No. 402 at PageID.1876. The Warden denied Defendant's request in writing on May 15, 2020 because

"[he] d[id] not meet the medical criteria." *Id.* at PageID.1880. Accordingly, Defendant has exhausted his administrative remedies for purposes of § 3582.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. § 3553(a). They are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Defendant's underlying conviction is for one count of conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 224. Drug-related offenses are serious, and Defendant has only served a fraction of his 92-month sentence. Additionally, this was not Defendant's first drug-related offense. The Presentence Investigation Report (the "PSR") reveals prior drug-related convictions from 1982,

1983, 1997, 2007, 2009, 2016, 2018, and 2019. The PSR also indicates that Defendant has a severe substance abuse dependency, and there is no indication that Defendant has completed substance abuse programming while at USP Hazelton. As explained in Section I.C.2. below, Defendant's extensive criminal history and ongoing struggle with addiction demonstrate that he would be a danger to others or the community if released. Accordingly, under the § 3553 factors, Defendant is not entitled to a sentence reduction.

**C.**

The next inquiries to be resolved are whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13, which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. Regardless of whether Defendant's medical circumstance is extraordinary and compelling, he has failed to show that he would not pose a danger to others or the community if released.

**1.**

The commentary of the policy statement provides additional guidance about which circumstances qualify as extraordinary and compelling reasons. It provides:

> [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.--
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> > (ii) The defendant is--
> >
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.--
>
> > (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13. Defendant is a 60-year-old male that suffers from type two diabetes, hypertension, and chronic obstructive pulmonary disease ("COPD"). ECF No. 402 at PageID.1877. Defendant and the Government agree that Defendant's conditions constitute an extraordinary and compelling reason for release. ECF No. 406 at PageID.1913.

Subsection (A) requires that Defendant suffer from either a "terminal illness" or a "serious physical or medical condition" that "substantially diminishes" his ability to provide self-care within the custodial environment. U.S.S.G. § 1B1.13. Defendant's conditions, combined with his age, certainly put him at a higher risk for developing serious COVID-19 symptoms. *See* People with Certain Medical Conditions, CDC (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/N2HE-YY2R]. It is unclear, however, whether these conditions coupled with the risk of COVID-19 would constitute a "terminal illness" or "serious physical or medical condition" within the meaning of the policy statement commentary. *See United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) ("[A] generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release."). Nonetheless, given the Government's concession of the issue, the Court will assume, without deciding, that Defendant's conditions satisfy subsection (A).[1] Compassionate release is still unwarranted, however, given the § 3553 factors and the risk of danger to the community, discussed below.

**2.**

---

[1] The other subsections provided in the policy statement commentary are clearly inapplicable. Defendant's situation does not qualify as "extraordinary and compelling" under subsection (B) of the policy statement commentary because he is 60 years old. Additionally, he does not qualify under subsection (C) because has not alleged the death or incapacitation of a spouse or caregiver of his minor children.

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would be a danger to others or the community. The § 3142 factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C. § 3142(g). These factors strongly support the conclusion that Defendant would be a danger to others or the community if released. According to the PSR, Defendant has spent the majority of his life in and out of custody for drug possession (1982, 1983, 1997, 2007, 2009, 2016, 2018, and 2019) or some variation of larceny (1984, 1987, 1988, 1989, 2000, 2004, 2007, 2011). Most of these offenses have been nonviolent, though not all. Defendant's 2011 conviction for larceny from a building stems from an incident where he forced his way into an individual's home with a firearm before taking items of personal property. Defendant also has a history of evading supervision and has absconded parole multiple times. Indeed, Defendant was on probation for a previous drug offense when, in 2017, he became involved with the underlying offense: conspiracy to possess with intent to distribute and to distribute cocaine.

According to the PSR, Defendant began using powder cocaine when he was 16 but transitioned to cocaine base after his discharge from the military. Defendant believes that his drug addiction contributed to his involvement in the underlying offense, and the facts support that claim. Defendant derived no financial benefit from the conspiracy but allowed his co-conspirators to use his residence as a "stash house" for packaging cocaine. The frequency and nature of these prior offenses also seem consistent with severe drug addiction.

Consequently, while Defendant poses a relatively low risk of physical violence, he remains a danger to the community. "The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (internal quotation marks omitted). "[D]rug trafficking is a serious offense that, in itself, poses a danger to the community." *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010).

This is not a case where the defendant has served the majority of his sentence and reliably demonstrated a low risk of reoffending. *C.f. United States v. Lee*, No. CR DKC 12-0493, 2020 WL 4053352, at *4 (D. Md. July 20, 2020) (granting compassionate release where "drug addiction that fueled some of [defendant's] criminal conduct ha[d] been treated"). Defendant has been at USP Hazelton for a relatively short period and apparently continues to battle the addiction that led to cocaine traffickers operating from his home. He has further failed to provide a convincing reentry plan. Defendant's release would, therefore, pose a danger to the safety of the community. *See United States v. Mack*, No. 5:16-CR-112, 2020 WL 4012837, at *2 (N.D. Ohio July 16, 2020) (denying compassionate despite extraordinary and compelling reason for release because

defendant with criminal drug history and "addiction since his late teenage years" posed danger to community).

**II.**

Accordingly, it is **ORDERED** that Defendant Edward Bryant, Jr.'s Motion for Compassionate Release, ECF No. 402, is **DENIED WITH PREJUDICE.**

    Dated: October 8, 2020            s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Edward Bryant, Jr.** # 57031-039, HAZELTON U.S. PENITENTIARY, Inmate Mail/Parcels, P.O. BOX 5000, BRUCETON MILLS, WV 26525 by first class U.S. mail on October 8, 2020.

                                        s/Kelly Winslow
                                        KELLY WINSLOW, Case Manager