UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                                                      Case No. 18-CR-20719-8
                                                                        Honorable Thomas L. Ludington

EDWARD BRYANT, JR.,

                Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On August 1, 2019, Defendant Edward Bryant, Jr. pled guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 224. He was sentenced to 92 months imprisonment. ECF No. 314 at PageID.1233. Defendant is currently housed at United States Penitentiary, Hazelton ("USP Hazelton") in West Virginia.

On June 24, 2020, Defendant filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the novel coronavirus ("COVID-19") pandemic and his medical conditions. ECF No. 389. Defendant's motion was denied without prejudice for failure to exhaust administrative remedies. ECF No. 395. Defendant refiled the motion on August 3, 2020 and included evidence of exhaustion. ECF No. 402. His motion was denied on the merits on October 8, 2020. ECF No. 421.

Defendant moved for reconsideration on February 11, 2021. ECF No. 474. The Government was directed to respond and did so on March 17, 2021. ECF Nos 477, 480. Defendant filed a reply brief shortly thereafter. ECF No. 486. For reasons explained below, Defendant's Motion for Reconsideration will be denied.

**I.**

Pursuant to Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order. A motion for reconsideration will be granted if the moving party shows "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3); *see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015). Furthermore, "[i]t is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

**II.**

As explained in the Order Directing the Government to Respond, ECF No. 477, the Sixth Circuit's recent decisions in *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020), and *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021), have transformed how courts of this circuit address compassionate release motions. In sum, district courts are no longer confined to the considerations outlined in the policy commentary when deciding if a defendant's request is extraordinary and compelling, such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." *See Elias*, 984 F.3d at 519. District courts now have the "full discretion to

define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

The question in this case is whether the recent change in governing law requires a different disposition of Defendant's Motion for Compassionate Release.

The Government concedes that, given the new authority from the Sixth Circuit, Defendant's medical conditions qualify as an extraordinary and compelling reason for release. ECF No. 480 at PageID.2326. Defendant suffers from chronic obstructive pulmonary disease ("COPD") and type 2 diabetes, both of which are known risk factors for COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html  [https://perma.cc/4EHL-3QVN]  (last  visited Mar. 31, 2021). Additionally, USP Hazelton, where Defendant is housed, continues to experience COVID-19 infections, with two active infections among inmates and 11 among staff. *See COVID-19*, BOP, https://www.bop.gov/coronavirus/ [https://perma.cc/9UDD-N3AV] (last visited Apr. 5, 2021).

Regardless, Defendant's Motion for Reconsideration will be denied because a sentence reduction remains unwarranted under 18 U.S.C. § 3553(a). This Court previously considered the application of the § 3553 factors in its Order Denying Defendant's Motion for Compassionate Release with Prejudice, stating,

> Defendant's underlying conviction is for one count of conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 224. Drug-related offenses are serious, and Defendant has only served a fraction of his 92-month sentence. Additionally, this was not Defendant's first drug-related offense. The Presentence Investigation Report (the "PSR") reveals prior drug-related convictions from 1982, 1983, 1997, 2007, 2009, 2016, 2018, and 2019. The PSR also indicates that Defendant has a severe substance abuse dependency, and there is no indication that Defendant has completed substance abuse programming while at USP Hazelton.

ECF No. 421 at PageID.2048–49. Defendant notes that since being denied compassionate release, he has completed substance abuse and educational programming. ECF No. 474 at PageID.2297–98. Defendant's rehabilitative efforts are commendable. Nonetheless, with a projected release date of April 6, 2025, Defendant has a substantial portion of his sentence remaining. ECF No. 480-2 at PageID.2336. Furthermore, as the Government notes, BOP records indicate that Defendant poses a high risk of recidivism. ECF No. 480-3 at PageID.2337. Given Defendant's substantial criminal history, high risk of recidivism, and considerable term of imprisonment remaining, a sentence reduction would be inconsistent with the § 3553 factors.

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 474, is **DENIED**.

Dated: April 9, 2021                                              s/Thomas L. Ludington
                                                                 THOMAS L. LUDINGTON
                                                                 United States District Judge

- 4 -