UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                      Case No. 1:18-cr-20719-8

v.                                                  Honorable Thomas L. Ludington
                                                         United States District Judge

EDWARD BRYANT JR.,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

This matter is before this Court upon Defendant Edward Bryant Jr.'s Motion for Reconsideration. ECF No. 579. As explained hereafter, Defendant's Motion will be denied.

**I.**

On August 1, 2019, Defendant Edward Bryant Jr. pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846. ECF No. 224. He was sentenced to 92 months' incarceration followed by four years of supervised release. ECF No. 314.

In June 2020, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing COVID-19 and various health issues. ECF No. 389. His motion was denied without prejudice for not exhausting his administrative remedies with the Bureau of Prisons (BOP). ECF No. 395. In August 2020, he filed another motion for compassionate release, ECF No. 402, which was denied on the merits, *see* ECF No. 421 at PageID.2049 (holding that "Defendant [was] not entitled to a sentence reduction" based on the 18 U.S.C. § 3553(a) factors).

In February 2021, four months after his second motion for compassionate release was denied, Defendant filed a motion for reconsideration. ECF No. 474. That motion was also denied.

*See* ECF No. 488 at PageID.2611–12 (reaffirming that a sentence reduction "remain[ed] unwarranted under 18 U.S.C. § 3553").

On January 5, 2022, Defendant filed a second motion for reconsideration. ECF No. 544. This Court denied Defendant's motion as untimely and declined to construe it as another motion for compassionate release because Defendant did not provide any evidence of exhaustion. *See* ECF No. 545 at PageID.2875 ("To the extent that Defendant continues to believe that he should be released under 18 U.S.C. § 3582(c)(1)(A), his remedy is to file another motion for compassionate release with evidence of exhaustion, *not* another motion for reconsideration.").

Defendant has now filed a third motion for reconsideration—his fifth attempt to reduce his sentence to some extent. ECF No. 579. This time, he argues he should be released because he is "no longer considered a risk to the community." *Id.* at PageID.3033.

The Government has not responded to Defendant's motion because it has not been directed to do so. *See* E.D. MICH. LR 7.1(h)(3) ("No response to [a motion for reconsideration] and no oral argument are permitted unless the court orders otherwise.").

## II.

Local Rule 7.1 governs motions for reconsideration, providing in relevant part:

> Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> (B) An intervening change in controlling law warrants a different outcome; or
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. MICH. LR 7.1(h)(2).

Defendant's motion for reconsideration must be denied as untimely. Under Local Rule 7.1, a party must seek reconsideration of a nonfinal order within 14 days. *Id.* The order denying Defendant's second motion for reconsideration was entered in October 2020, approximately 27 months before Defendant filed the instant motion for reconsideration. *Compare* ECF No. 421, *with* ECF No. 579.

And, even if Defendant's Motion for Reconsideration were liberally construed as a third motion for compassionate release, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."), doing so would not afford Defendant any relief, as he has not provided any evidence of exhaustion, *see United States v. Smith*, No. 1:16-CR-20677-8, 2022 WL 391959, at *1 (E.D. Mich. Feb. 8, 2022) ("A defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the [BOP] and then either (1) 'fully exhaust[ing] all administrative rights' or (2) waiting until '30 days [have elapsed] from the receipt of such a request by the warden.'" (quoting 18 U.S.C. § 3582(c)(1)(A))).

Accordingly, Defendant's Motion for Reconsideration will be denied. If Defendant believes he is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A), he must file a new motion for compassionate release with evidence that he exhausted his administrative remedies.

### III.

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 579, is **DENIED**.

Dated: January 5, 2023         s/Thomas L. Ludington
                               THOMAS L. LUDINGTON
                               United States District Judge